IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA FULLER, et al.,

   Plaintiffs,

      v.

                          CIVIL ACTION FILE
                          NO. 1:13-CV-1914-TWT

MERCURY INSURANCE
COMPANY OF GEORGIA,

   Defendant.

## OPINION AND ORDER

This is an action to recover on a homeowner's insurance policy. It is before the Court on the Defendant Mercury Insurance Company of Georgia's Motion for Summary Judgment as to Plaintiff Nationstar Mortgage LLC [Doc. 118], the Plaintiff Sonya Fuller's Motion for Equitable Relief [Doc. 119], the Plaintiff Nationstar Mortgage LLC's Motion for Summary Judgment on Defendant Mercury Insurance Company of Georgia's Counterclaim [Doc. 120], and the Plaintiff Nationstar Mortgage LLC's Motion for Summary Judgment on Plaintiff Sonya Fuller's Crossclaim [Doc. 121]. For the reasons stated below, the Defendant Mercury Insurance Company of Georgia's Motion for Summary Judgment as to Plaintiff Nationstar Mortgage LLC and the Plaintiff Nationstar Mortgage LLC's Motion for

Summary Judgment on Defendant Mercury Insurance Company of Georgia's Counterclaim are both DENIED. The Plaintiff Nationstar Mortgage LLC's Motion for Summary Judgment on Plaintiff Sonya Fuller's Crossclaim is GRANTED and the Plaintiff Sonya Fuller's Motion for Equitable Relief is DENIED.

## I. Background

The original Plaintiff, Sonya Fuller, owns property located at 648 Reed Road, Smyrna, Georgia.[1] On March 2, 2010, Fuller executed a Closed-End Fixed Rate Home Equity Conversion Security Deed, otherwise known as a reverse mortgage, on the home in favor of Homestar Financial Corporation.[2] Homestar Financial Corporation assigned its interest in the reverse mortgage to Generation Mortgage on March 9, 2010, and again on June 2, 2011.[3] On May 6, 2015, Generation assigned the reverse mortgage to the other Plaintiff here, Nationstar Mortgage, LLC.[4]

The reverse mortgage required Fuller to insure all improvements on the property against hazards, casualties, and contingencies, including fire.[5] The

---

[1]    Nationstar Mortgage's Statement of Facts in Support of its Mot. for Summ. J. on Mercury Ins.'s Counterclaim ¶ 1.

[2]    Id.

[3]    Id. ¶ 2.

[4]    Id. ¶ 26.

[5]    Id. ¶ 3.

Defendant, Mercury Insurance Company, insured the property under a homeowner's insurance policy.[6] The coverage became effective on February 26, 2011, and expired on February 26, 2012.[7] The policy provided fire loss coverage up to $191,000 for the dwelling on the property, $19,100 for other structures on the property, $133,700 for unscheduled personal property, and $38,200 for loss of use.[8] The policy listed Fuller as the homeowner and Generation Mortgage as the mortgagee.[9] The policy provided that losses would be payable to both the mortgagee and the homeowner.[10] It further stated that if Mercury denied coverage to the homeowner, the mortgagee could still be paid, provided it complied with certain conditions.[11] The conditions included providing a sworn statement of loss, submitting to examinations under oath, and providing records and documents.[12] The parties agree as to the language of the policy that was actually in place at the relevant times, but Nationstar claims it was provided

---

[6]     Id. ¶ 4.

[7]     Id.

[8]     Id. ¶ 5.

[9]     Id. ¶ 6.

[10]    Mercury Ins.'s Statement of Facts ¶ 4.

[11]    Id.

[12]    Id. ¶¶ 4-5.

with a different policy, which required only a proof of loss and imposed no other conditions on recovery by a mortgagee, up until May 2, 2016.[13]

On December 18, 2011, the property was damaged by fire.[14] On December 18, 2011, Fuller notified Mercury Insurance of the fire and filed a sworn proof of loss for damage to the dwelling in the amount of $191,000.[15] Mercury Insurance investigated the loss and in the process, requested documents from Fuller related to her finances and the reverse mortgage.[16] The parties dispute precisely which documents were actually received by Mercury Insurance, but they do agree that Fuller provided, and Mercury Insurance received, a 2011 year-end balance statement for the reverse mortgage.[17] Mercury Insurance concluded its investigation into the fire on November 13, 2012.[18] At that point, it sent a letter to Fuller denying her claim on the grounds that

---

[13]     Nationstar's Response to Mercury Ins.'s Statement of Facts ¶ 4.

[14]     Nationstar Mortgage's Statement of Facts in Support of its Mot. for Summ. J. on Mercury Ins.'s Counterclaim ¶ 7.

[15]     Id. ¶ 8.

[16]     Id. ¶ 9.

[17]     Mercury Ins.'s Response to Nationstar's Statement of Facts ¶¶ 10-12; Nationstar Mortgage's Statement of Facts in Support of its Mot. for Summ. J. on Mercury Ins.'s Counterclaim ¶ 13.

[18]     Nationstar Mortgage's Statement of Facts in Support of its Mot. for Summ. J. on Mercury Ins.'s Counterclaim ¶ 14.

Fuller or someone acting on her behalf intentionally set fire to the home and that Fuller misrepresented and concealed material facts during investigation of the claim.[19]

During the investigation into the fire, Mercury Insurance did not contact Generation directly to ask for information.[20] On March 13, 2015, Mercury Insurance did send a letter to Generation seeking documents and a proof of loss.[21] On April 27, 2015, Generation provided a sworn statement in proof of loss, as requested by Mercury Insurance.[22] On June 5, 2015, after Generation had already transferred the reverse mortgage to Nationstar, Mercury Insurance acknowledged receipt of the proof of loss and requested other documents from Generation.[23] Generation did not provide further documentation.[24] Mercury Insurance did not request documents from Nationstar before Nationstar became a party to this litigation.[25]

---

[19]    Id. ¶ 16.

[20]    Id. ¶ 15.

[21]    Taylor Aff. ¶ 3, Ex. A.

[22]    Nationstar Mortgage's Statement of Facts in Support of its Mot. for Summ. J. on Mercury Ins.'s Counterclaim ¶ 25.

[23]    Id. ¶ 27.

[24]    Id. ¶ 28.

[25]    Id. ¶ 29.

On May 9, 2013, Fuller filed suit against Mercury for breach of insurance contract and bad faith denial of coverage. Mercury removed Fuller's lawsuit to this Court. On December 29, 2015, this Court granted Mercury Insurance and Fuller's motion to add Nationstar as a party to this litigation. Mercury Insurance then filed a counterclaim seeking to limit Nationstar's right to recovery. Fuller filed a crossclaim seeking the same. Nationstar then filed a claim seeking a declaratory judgment that it is entitled to the insurance proceeds to satisfy Fuller's liability under the reverse mortgage. All of the parties now move for summary judgment on various claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[26] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[27] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[28] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to

---

[26]   FED. R. CIV. P. 56(a).

[27]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[28]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

show that a genuine issue of material fact does exist.[29] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[30]

### III. Discussion

### A.    Motions for Summary Judgment Between Nationstar and Mercury Insurance

Mercury Insurance asks this Court for a declaratory judgment against Nationstar, arguing that Nationstar has no viable claims against Mercury Insurance. Nationstar also seeks a declaratory judgment that it does have a right to the insurance proceeds. Both Nationstar and Mercury Insurance move for summary judgment. As a threshold matter, Mercury Insurance argues that any claims Nationstar might have are barred by the suit limitations period in the insurance policy. The parties dispute the length of the limitations period. Regardless of the length of the limitations period, however, where an insurer engages in conduct that would lead an insured to believe that the limitations period will be extended, the limitations period can be waived.[31] Here, Mercury Insurance sent a letter regarding this suit to Generation Mortgage,

---

[29]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[30]    Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[31]    See Georgia Mut. Ins. Co. v. Glennville Bank & Trust Co., 229 Ga. App. 402, 404 (1997).

Nationstar's predecessor in interest, on March 13, 2015.[32] That letter was dated over three years after the fire, and therefore outside the two-year limitations period. This Court therefore finds that Mercury Insurance has waived any defense under the contractual limitations period. In addition, the insured filed suit within the two-year limitations period. Under Georgia law, this is sufficient to allow recovery by the mortgagee even if it intervened after the expiration of the limitations period.[33]

Next, Mercury Insurance argues that Nationstar failed to comply with the conditions of the insurance policy before bringing suit. If an insured fails to comply with conditions of the insurance policy that are prerequisites to suit, it may be barred from recovery under the policy.[34] Where, however, the insured cooperated to some extent, there is a question of fact for the jury.[35] Here, it is undisputed that Mercury Insurance sent two letters to Generation Mortgage, Nationstar's predecessor in interest. In those letters, Mercury Insurance requested documents and a proof of loss. It is also undisputed that Generation/Nationstar provided a statement of loss.  Because

---

[32]     Taylor Aff. ¶ 3, Ex. A.

[33]     Georgia Mut. Ins. Co. v. Glennville Bank & Trust Co., 229 Ga. App. 402, 404-405 (1997).

[34]     Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 203 Ga. App. 681, 683 (1992).

[35]     Id.

Nationstar did comply with Mercury Insurance's requests to some extent, there is an issue of fact for a jury as to whether the conditions of the policy were satisfied. This is especially true given that the insurance policy apparently quoted to Generation and Nationstar, and in fact attached to Mercury Insurance's Amended Answer and Counterclaim, requires only a proof of loss by the mortgagee, not compliance with other conditions.[36] The insurer's failure to act with diligence and good faith in securing material information is also a question of fact for the jury.[37] Both Nationstar and Mercury Insurance's motions for summary judgment should therefore be denied.

## B.    Motions for Summary Judgment Between Fuller and Nationstar

Sonya Fuller moves for equitable relief against Nationstar. She argues that if she settles with Mercury Insurance, Nationstar has waived its right to any proceeds. She seeks a declaratory judgment to that effect. Nationstar also moves for summary judgment on Fuller's crossclaim for declaratory judgment. A court may enter a declaratory judgment only where there is a "definite and concrete" controversy.[38] A declaratory judgment may not be "an opinion advising what the law would be upon

---

[36]     Mercury Ins.'s Amended Answer to Complaint and Counterclaim, at Ex. 1, p. 18, ¶ L.2.

[37]     Diamonds & Denims, 203 Ga. App. at 683.

[38]     Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275 n.14 (11th Cir. 2010).

a hypothetical state of facts."[39] Here, Fuller states in her crossclaim against Nationstar that "due to the uncertainty in the outcome of the litigation, [she] would like to settle the case with [Mercury Insurance]."[40] Fuller goes on to request that this Court rule that "equity prevents Nationstar from receiving any portion of the funds from the settlement."[41] What Fuller requests is precisely what the Eleventh Circuit has forbidden – an opinion advising what the law would be given a hypothetical state of facts. She asks this Court what the law would be in the hypothetical scenario in which she settled the case. This Court declines to issue such an improper advisory opinion. Fuller's motion for equitable relief on her crossclaim should be denied. Nationstar's motion for summary judgment on Fuller's crossclaim should be granted as to the ripeness defense.

## IV. Conclusion

For the reasons stated above, the Defendant Mercury Insurance Company of Georgia's Motion for Summary Judgment as to Plaintiff Nationstar Mortgage LLC [Doc. 118] is DENIED, the Plaintiff Sonya Fuller's Motion for Equitable Relief [Doc. 119] is DENIED, the Plaintiff Nationstar Mortgage LLC's Motion for Summary

---

[39]     Owners Ins. Co. v. Parsons, 610 F. App'x 895, 897 (11th Cir. 2015).

[40]     Pl. Sonya Fuller's Crossclaim Against Nationstar Mortgage, LLC ¶ 21.

[41]     Id. ¶ 22.

Judgment on Defendant Mercury Insurance Company of Georgia's Counterclaim [Doc. 120] is DENIED, and the Plaintiff Nationstar Mortgage LLC's Motion for Summary Judgment on Plaintiff Sonya Fuller's Crossclaim [Doc. 121] is GRANTED.

SO ORDERED, this 24 day of August, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge