IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA FULLER, et al.,

   Plaintiffs,

     v.

MERCURY INSURANCE
COMPANY OF GEORGIA,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1914-TWT

**OPINION AND ORDER**

This is an action to recover on a homeowner's insurance policy. It is before the Court on the Defendant Mercury Insurance Company of Georgia's Motion for Summary Judgment [Doc. 144]. For the reasons stated below, the Defendant's Motion for Summary Judgment [Doc. 144] is GRANTED in part and DENIED in part.

**I. Background**

The original Plaintiff, Sonya Fuller, owns real property at 648 Reed Road Southeast, Smyrna, Georgia (the "Property").[1] The Defendant Mercury Insurance Company of Georgia issued a homeowners insurance policy (the "Policy") to Fuller,

---

[1] Def.'s Statement of Material Facts ¶ 2.

which became effective on February 26, 2011 and expired on February 26, 2012.[2] The Policy provides coverage to Fuller for both the real and personal property located at the Property, but also has several limitations, conditions, and exclusions.[3] In particular, the Policy contains an "intentional loss" exclusion, which provides in part, that Mercury does not insure for any "Intentional Loss, meaning any loss arising out of any act committed: (a) by or at the direction of any Insured; and (b) with the intent to cause a loss."[4] The Policy also contains a "concealment or fraud" provision, which provides that the Policy "will be cancelled and any unpaid claims denied if an Insured has, before or after a loss: (a) intentionally concealed or misrepresented any material fact or circumstance; or (b) made false statements or engaged in fraudulent conduct relating to [the Policy]."[5]

On December 18, 2011, the Property was damaged by fire, and Fuller submitted a claim to Mercury under the Policy.[6] While it was investigating the claim, Mercury

---

[2] Id. at ¶ 1.

[3] Id. at ¶ 2.

[4] Id. at ¶ 3.

[5] Id. at ¶ 4.

[6] Id. at ¶¶ 6-7.

paid Fuller an advance on her claim, although the amount paid is in dispute.[7] When its investigation was completed, Mercury determined that the fire was intentionally caused by Fuller or someone else at her direction for the purpose of defrauding Mercury, and that Fuller had misrepresented and concealed material facts during the claims process.[8] Fuller, for her part, denies these claims. Consequently, Mercury denied Fuller's claim on November 13, 2012.[9]

Fuller eventually filed suit in Fulton County, Georgia against Mercury seeking the full amount of damages to the Property, which Mercury thereafter removed to this Court.[10] Mercury also filed a counterclaim against Fuller seeking to recover the $20,791.00 advance Mercury alleges it had paid.[11] On September 5, 2013, Fuller was indicted in the Superior Court of Cobb County, Georgia on charges in connection with the fire.[12] On January 7, 2015, Fuller pleaded guilty under North Carolina v. Alford[13] to insurance fraud and was sentenced as a first offender under Georgia's First

---

[7] Id. at ¶ 8. See also Pl.'s Resp. to Def.'s Mot. for Summ. J. at 3.

[8] Def.'s Statement of Material Facts ¶ 9.

[9] Id.

[10] Id. at ¶ 13.

[11] Id. at ¶ 14.

[12] Id. at ¶ 15.

[13] 400 U.S. 25 (1970).

Offender Act.[14] Mercury now moves for summary judgment on both Fuller's claim and its counterclaim for unjust enrichment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[15] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[16] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[17] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[18] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[19]

---

[14] Def.'s Statement of Material Facts ¶ 16.

[15] FED. R. CIV. P. 56(a).

[16] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[17] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[18] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[19] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

**A. Fuller's Claim to Recover Insurance Proceeds**

Mercury argues that Fuller's <u>Alford</u> plea of guilty in the criminal case against her is *prima facie* evidence that she intentionally set the fire which damaged her home, thereby cancelling her policy under either the "intentional loss" or "concealment or fraud" provisions of the Policy. Fuller, meanwhile, argues that because she did not admit to the facts underlying her guilty plea, her <u>Alford</u> plea is not conclusive evidence of intent. In Georgia, insurance fraud, which is the only crime Fuller pleaded guilty to, is defined in relevant part as:

> Any natural person who knowingly or willfully: (1) Makes or aids in the making of any false or fraudulent statement or representation of any material fact or thing ... (B) in the filing of a claim ... for the purpose of procuring or attempting to procure the payment of any false or fraudulent claim or other benefit by an insurer.[20]

Because both intent and fraud are requisite elements of the crime, there is no doubt that committing the crime of insurance fraud would cancel the Policy under the "concealment or fraud" provision.

The only question remaining, therefore, is whether Fuller's <u>Alford</u> plea is conclusive evidence of guilt. On this, Georgia courts and the Eleventh Circuit have been abundantly clear. An <u>Alford</u> plea is the same as a guilty plea, and can be used as

---

[20] O.C.G.A. § 33-1-9.

evidence in subsequent civil proceedings. In Blohm v. Commissioner of Internal Revenue,[21] the Eleventh Circuit denied that an Alford plea was analogous to a plea of *nolo contendere*, clearly stating that, "it is the voluntary plea of guilt itself, with its intrinsic admission of each element of the crime, that triggers the collateral consequences attending that plea. Those consequences may not be avoided by an assertion of innocence."[22] As long as the plea was voluntary and had a sufficient factual basis, "the collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilt."

Georgia courts have come to the same conclusion. In Harden v. State Farm,[23] the Court of Appeals of Georgia held, in a case acutely analogous to this case, that an insurance company did not have to provide coverage to a policyholder because of a clause that excluded from coverage certain acts that were caused willfully and maliciously. In that case, the policyholder's husband had pleaded guilty under Alford to sexual abuse of a child. The child's mother sued the policyholder and her husband, and the policyholder tendered the defense of the suit to their homeowner's insurance carrier, State Farm. The Court of Appeals upheld State Farm's denial of the tender,

---

[21] 994 F.2d 1542 (11th Cir. 1993).

[22] Id. at 1554.

[23] Harden v. State Farm Fire & Cas. Co., 269 Ga. App. 732 (2004).

stating that "the collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilt. Accordingly...an *Alford* plea of guilt...was sufficient to establish a prima facie case that State Farm had no duty under the terms of the policy to provide coverage."[24]

It is abundantly clear that an Alford plea is no different than any other guilty plea. Alford pleas require a sufficient factual basis before a court is allowed to accept them, just like a normal guilty plea. Compare this with a plea of *nolo contendere*, which has no such requirement. In this case, Fuller has not alleged that her Alford plea was defective for lack of a sufficient factual basis; the plea is therefore *prima facie* evidence of an intentional act that would cancel her insurance contract. Fuller has failed to rebut this evidence in any meaningful way. Therefore, under the terms of the insurance contract, Fuller's fraudulent conduct cancels the Policy, and Mercury is not required to cover Fuller's claim.

---

[24] Id. at 734 (internal quotations and citations omitted).

### B. Mercury's Unjust Enrichment Counterclaim

Mercury also moves for summary judgment on its unjust enrichment counterclaim, seeking to recover the $20,791.00 it alleges it paid Fuller in advance of her claim. Fuller admits that Mercury paid her an advance on her claim, but disputes the amount and provides evidence that most of the advanced funds were paid to third parties. Both parties focus almost all of their briefing on the Alford plea issue, however, and neither spends any time on Mercury's unjust enrichment claim.

Mercury's claim is essentially one for money had and received.[25] "To establish a claim for money had and received a plaintiff must show (1) that a party has received money justly belonging to the plaintiff; and (2) that the plaintiff has made a demand for repayment which was refused."[26] There is no doubt that Fuller received money which rightly belongs to the Plaintiff. The entirety of the funds she received as an advance from Mercury were based upon her own fraud. It is equally clear that demand would be futile in this instance, as Fuller has filed suit claiming that she is not only entitled to the advance she has already received, but also to the entire value of the

---

[25] Money had and received is "merely one form" of an unjust enrichment claim. See McCaughey v. Bank of America, N.A., 279 Fed. Appx. 794, 797 (11th Cir. 2008) (internal citation omitted).

[26] Securities & Exch. Comm'n v. Price, No. 1:12-CV-2296-TCB, 2015 WL 11198937, at *6 (N.D. Ga. Mar. 31, 2015) (citing City of Atlanta v. Hotels.com, 710 S.E.2d 766, 770 (Ga. 2011)).

Policy. One who believes he is entitled to the whole cake is not about to give up the slice he has already eaten. On the other hand, it is not clear from the record exactly how much Fuller actually received, and both parties dispute the amount Mercury paid out. The amount due in restitution is therefore reserved to the jury. As a result, Mercury's motion for summary judgment on its counterclaim is granted as to liability, but denied as to damages.

### IV. Conclusion

For the foregoing reasons, the Defendant Mercury Insurance Company of Georgia's Motion for Summary Judgment [Doc. 144] is GRANTED in part and DENIED in part.

SO ORDERED, this 27 day of January, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge